

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-2-2004

# USA v. Washington

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2757

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Washington" (2004). *2004 Decisions.* Paper 632.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/632

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No. 02-2757

————————

UNITED STATES OF AMERICA

v.

JEFFREY DAVID WASHINGTON
a/k/a
Kenny Don Cotts

Jeffrey Washington,
                    Appellant

————————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 01-cr-00231)
District Judge:  Honorable William J. Nealon

————————

Submitted Under Third Circuit LAR 34.1(a)
February 25, 2004
Before:  RENDELL, BARRY and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed June 2, 2004)
_____

OPINION
_____

RENDELL, Circuit Judge.

Jeffrey David Washington pled guilty to possession with intent to distribute cocaine base and was sentenced to 262 months' imprisonment. He complains that the District Court should have permitted him to withdraw his guilty plea, based on ineffectiveness of counsel and lack of voluntariness. He also urges that the government breached the plea agreement in pressing for a sentence higher than had been agreed upon.[1]

The government urges that he is foreclosed from challenging his plea on appeal based upon his waiver of that right as part of his plea agreement. Accordingly, it has moved to dismiss the appeal. We will grant this motion.

Washington's plea agreement provided that:

> [t]he defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any sentence imposed within the statutory maximum, or the manner in which that sentence was determined, on the grounds set forth in Title 18, United States Code, Section 3742, or any other grounds. The defendant also waives the defendant's right to challenge any sentence or the manner in which the sentence was determined

---

[1]Washington has also made a claim of ineffectiveness of counsel, which we will not decide, based on our practice of deciding such issues on a petition for relief under habeas corpus, rather than on direct appeal. United States v. Jake, 281 F.3d 123, 132 n. 7 (3d Cir. 2002).

in any collateral proceeding, including but not limited to a motion brought under Title 18, United States Code, Section 2255.

In addition, Washington also signed a document entitled Statement of Defendant, which states: "I further understand that as a part of the plea agreement, I am waiving my right to appeal and/or challenge my conviction and sentence, and the manner in which it was imposed."

We have held that waivers of appeals in plea agreements are valid if entered into knowingly and voluntarily. United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). Here, the District Court specifically questioned Washington's understanding of his waiver. The Court asked: if he had signed, read and understood the plea agreement; if he had discussed it with his counsel; if he had had enough time to discuss it with his counsel; if his counsel had explained everything in it; and, if everything in it was true and correct. Washington replied, "Yes." The Court then explained the effect of the waiver on his rights to appeal and to collaterally attack the proceedings and the sentence imposed, and asked whether he understood of all this. Again, Washington replied, "Yes." The Court concluded, on the basis of this thorough colloquy, that Washington had waived his rights of appeal knowingly and voluntarily. We agree. Thus, the waiver is valid, and divests us of jurisdiction over Washington's appeal. Id. at 563.

Accordingly, we will dismiss his appeal.